JUDGE SWEET

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



| | |
|---|---|
| PATRICIA PORCELLO,<br><br>       Plaintiff,<br>v.<br><br>A&E TELEVISION NETWORKS, LLC,<br><br>       Defendant. | _____ CV _____<br><br>**NOTICE OF REMOVAL**  |

TO: Clerk of Court, United States District Court
   Southern District of New York
   500 Pearl Street
   New York, NY 10007

   Jeffrey L. Kreisberg, Esq.
   Kreisberg & Maitland, LLP
   75 Maiden Lane, Suite 603
   New York, NY 10038-4826
   *Counsel for Plaintiff Patricia Porcello*

PLEASE TAKE NOTICE that defendant A&E Television Networks, LLC ("Defendant" or "AETN") hereby removes the above-titled action ("Action") from the Supreme Court of the State of New York, County of New York ("State Court"), where the Action was filed, to the United States District Court for the Southern District of New York.

In support of this Notice, Defendant alleges as follows:

## TIMELINESS OF REMOVAL

1. On or about December 30, 2013, plaintiff Patricia Porcello ("Plaintiff") commenced the Action in the State Court by filing a Summons with Notice and Verified Complaint captioned *Patricia Porcello v. A&E Television Networks, LLC*, Index No. 654489/13 ("Summons and Complaint"). The Summons and Complaint is attached as Exhibit A.

2. On January 2, 2014, the Summons and Complaint was served upon AETN.

3. The Complaint asserts one cause of action alleging a violation of the New York Labor Law.

4. The thirty-day period in which Defendant may remove the Action to this Court began on January 2, 2014, the date of service of the Complaint.

5. Therefore, this Notice of Removal is timely filed pursuant to 28 U.S.C. §1446(b).

## VENUE

6. Venue lies in the Southern District of New York pursuant to 28 U.S.C. §§1441(a) and 1446(a). This Action was originally brought in the State Court.

## DIVERSITY JURISDICTION

7. This is a civil action which Defendant may remove to this Court pursuant to the provisions of 28 U.S.C. §§1332(a) and 1441(b) because the parties are citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

8. **Plaintiff's Citizenship**. For purposes of diversity jurisdiction, a person's citizenship is determined by her domicile. *Palazzo v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000). Domicile is "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998). A person can have only one "domicile" at any given time. *Rosario v. INS*, 962 F.2d 220, 224 (2d Cir. 1992). Here, Plaintiff alleges that she is a resident of the State of New Jersey. (Verified Complaint ¶ 1.) Moreover, according to information Plaintiff provided to AETN, she has resided in New Jersey since at least September 17, 2007, when she commenced employment with AETN. (Declaration of Torrance Smith ¶ 5.) She changed the address of her residence only once in the course of her employment with AETN, from an address in East Rutherford, New Jersey to an address in East Hanover, New Jersey. (*Id.*) She is, therefore, domiciled in New Jersey, making her a citizen of the State of New Jersey.

9. **Defendant's Citizenship**. AETN is a Delaware limited liability company, with its principal place of business in the State, City, and County of New York. (Declaration of Torrance Smith ¶ 3.) *See* 28 U.S.C. § 1332(c)(i) (providing that corporation is deemed a citizen of its state of incorporation and state in which it has its principal place of business). Moreover, Plaintiff alleges in the Summons with Notice that "Defendant resides at 235 East 45th Street, New York, New York 10017." (Exhibit A.) AETN is not a citizen of New Jersey, nor are any of its members citizens of New Jersey. (Declaration of Torrance Smith ¶ 4.) Thus, complete diversity exists in this action. *See Handelsman v. Bedford Village Assocs.*, 213 F.3d 48, 51-52 (2d Cir. 2000) (a limited liability company has the citizenship of its membership).

10. **Amount In Controversy Exceeds $75,000.00**. The Complaint alleges that AETN failed to pay Plaintiff all overtime wages due "in an amount presently unknown… but believed to be at least Two Hundred Thousand ($200,000) Dollars." (Verified Complaint ¶15.) Indeed, Plaintiff alleges that she was not paid for 44 hours of overtime in <u>each workweek</u> between January 2008 and April 2012, and that her regular rates of pay increased over that period from $24.00 per hour to $28.00 per hour. (Verified Complaint ¶¶ 5, 7.) Accordingly, Plaintiff's overtime rates of pay would have ranged between $36.00 per hour and $42.00 per hour. (Verified Complaint ¶ 5.) Based on Plaintiff's allegations, the overtime wages she seeks in this Action exceed $83,000 just in the year 2011 alone, assuming only 45 work weeks in that year (45 weeks x 44 overtime hours per week x $42.00 per hour overtime rate). This amount is exclusive of attorneys' fees, which Plaintiff also seeks to recover, and which would be proper to include in calculating the amount in controversy for purposes of removal. *DiPonzio v. Bank of Am. Corp.*, 11-CV-06192, 2011 WL 2693912 (W.D.N.Y. July 11, 2011).

## CONCLUSION

11. Based upon the foregoing, this Court has jurisdiction over the Action under the provisions of 28 U.S.C. §1332, in that this Action involves a controversy which exceeds the value of $75,000.00, exclusive of interest and costs, and is between citizens of different states. Accordingly, this Action is properly removed to this Court pursuant to the provisions of 28 U.S.C. §§1441 and 1446.

Dated: New York, New York  
       January 22, 2014

Vedder Price P.C.

By: /s/ Laura Sack  
Laura Sack  
Lyle S. Zuckerman  
1633 Broadway, 47th Floor  
New York, New York  10019  
(212) 407-7700

*Attorneys for Defendant*  
*A&E Television Networks, LLC*

4

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---------------------------------------X

PATRICIA J. PORCELLO,

                Plaintiff,

    -against-

A&E TELEVISION NETWORKS, LLC

                Defendant.

---------------------------------------X

Index No.

Plaintiff designates
NEW YORK COUNTY
as the place of trial

The basis of the venue is
Defendant's Address

**SUMMONS with NOTICE**

Defendant resides at
235 East 45th Street
New York, New York   10017
County of New York

**To the above named Defendant:**

        ***YOU ARE HEREBY SUMMONED*** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's attorneys within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded herein.

Dated:      New York, New York
               December 30, 2013

*Defendant's Address:*
235 East 45th Street
New York, New York 10017

                  KREISBERG & MAITLAND, LLP
                    Attorneys for Plaintiff
                Office & Post Office Address:
                75 Maiden Lane, Suite 603
                New York, New York   10038
                (212) 629-4970
                By: _____
                    Jeffrey L. Kreisberg, Esq.

*Notice:*      The nature of this action is failure to pay overtime compensation.

The relief sought is monetary damages.

        Upon your failure to appear, judgment will be taken against you by default for the sum to be determined at inquest with interest from **January 1, 2008** and the costs of this action.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------x

PATRICIA J. PORCELLO,                               Index No.

                    Plaintiff,

   -against-

                                            **VERIFIED COMPLAINT**

A&E TELEVISION NETWORKS, LLC,

                    Defendant.

------------------------------------------------------------x

Plaintiff, Patricia J. Porcello ("Porcello"), by her attorneys, Kreisberg & Maitland, LLP, as and for her Verified Complaint herein, respectfully alleges and shows to this Court the following:

## PARTIES

1. Plaintiff is an individual residing at 18 Surrey Lane, East Hanover, New Jersey 07936. During the relevant period of January 1, 2008 through April 21, 2012 (the "relevant period"), she was employed by the defendant A&E in its Information Technology ("IT") Department, variously located at 235 East 45th Street, 118 West 114th Street, and 235 East 42nd Street, New York, New York. At all times relevant hereto, plaintiff was an employee of A&E within the meaning of the New York State Labor Law §160 and 12 NYCRR 142-2.2.

2. Upon information and belief, defendant A&E is and was at all times relevant hereto a limited liability company engaged in the entertainment industry and an employer within the meaning of the New York State Labor Law.

## FACTS

3. During the relevant period, plaintiff was employed in the position of IT Budget Finance Coordinator in the Information Technology Department of defendant. She was Executive Assistant to Emman Ho, Executive Vice-President, and Executive Assistant to Martin Gomberg, Chief Information Officer, of the Information Technology Department. Said department was responsible for making purchases of necessary goods and services for A&E; it was comprised of approximately 130 to 140 employees.

4. Although originally hired to work a schedule of 9:00 a.m. to 5:00 p.m., Monday through Friday, plaintiff's regular work schedule was actually Monday through Friday, 8:00 a.m. through 8:30 p.m. or later, and she also sometimes worked at home, after 8:30 p.m.

5. During the relevant period, plaintiff was an hourly employee whose rate of pay was as follows: from January 2008 through December 2008, $24 per hour; from January 2009 through December 2009, $25 per hour; from January 2009 through December 2010, $26 per hour; and from December 2011 to April 2012, $28 per hour.

6. During the relevant period, plaintiff was paid forty (40) hours of work for each and every week she worked regardless of the number of hours of work actually performed by her during each week, as set forth below.

7. In truth and in fact, during the relevant period plaintiff was required to and did actually work a total of approximately eighty-four (84) hours per week, and not the forty (40) hours of work per week for which she was paid.

8. During the relevant period, plaintiff's hours of work were reported by her on a weekly time sheet. Plaintiff was informed by both her supervisors, Emman Ho and Martin Gomberg, that she must report that she worked only forty (40) hours per week on her weekly time sheets,

2

notwithstanding the fact that she was required to and did in fact work approximately eighty-four (84) hours per week during said period.

9. The fact that plaintiff was required to and did actually work approximately eighty-four (84) hours per week during the relevant period was witnessed by plaintiff's A&E supervisors Emmon Ho and Martin Gomberg, as well as by A&E employees Julia Goodwin, Lifecycle Systems Director; Meeson Woo, Director; Marla Amoto, Help Desk Manager; Andreas Freyes, Accounting Department; Natalia Kyrumpkin, Accounting Department; Michael Hill, Accounting Department; and Lauren Epstein, Director of the Intellectual Property Department.

10. The fact that plaintiff was in fact required to and did work approximately eighty-four (84) hours per week during the relevant period is further confirmed by the fact that on Mondays through Thursdays during said period she often received transportation home at no cost to her from the A&E car service, which was available for use by employees only if they worked past 8:00 p.m. on the day the car service was used.

11. The fact that plaintiff was in fact required to and did work approximately eighty-four (84) hours per week during the relevant period is further confirmed by business related e-mail messages sent and received by her in the evening hours on many of the days on which she worked such hours during the relevant period.

12. Notwithstanding the fact that during the relevant period plaintiff was required to and did actually work far more than forty (40) hours per week, she was paid by defendant for only forty (40) hours of work per week.

## CAUSE OF ACTION FOR VIOLATION OF THE
## NEW YORK STATE LABOR LAW

13. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs numbered 1 through 12 of this Verified Complaint as though set forth fully at length herein.

14. By reason of defendant's failure to pay plaintiff overtime pay for hours of work performed by her in excess of forty (40) hours per week during the relevant period, defendant violated New York State Labor Law §160.3 and 12 NYCRR 142-2.2.

15. Plaintiff has been damaged by defendant's aforesaid actions in an amount presently unknown and to be determined at the trial of this action, but believed to be at least Two Hundred Thousand ($200,000.00) Dollars.

**WHEREFORE**, plaintiff, Patricia J. Porcello, demands judgment against the defendant, A&E Television Networks, LLC, as follows:

(a) for damages in the amount of the unpaid overtime compensation due her under New York State Labor Law §160.3 and 12 NYCRR 142-2.2 in an amount determined at the trial of this action but believed to be at least Two Hundred Thousand ($200,000.00) Dollars, together with prejudgment interest thereon;

(b) for liquidated damages in the amount of One Hundred (100%) Percent of the unpaid overtime compensation determined to be due her;

(c) for her reasonable attorneys' fees;

(d) for such other and further relief as this Court determines to be just and proper.

Dated: New York, New York
       December 30, 2013

                        KREISBERG & MAITLAND, LLP
                        Attorneys for Plaintiff
                        75 Maiden Lane, Suite 603
                        New York, New York   10038
                        (212) 629-4970

                        By: _____
                              Jeffrey L. Kreisberg

## VERIFICATION

Jeffrey L. Kreisberg, being duly sworn, deposes and says:

Deponent is a member of Kreisberg & Maitland, LLP., the attorneys for petitioner; deponent has read the foregoing VERIFIED COMPLAINT and knows the contents thereof; and the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters deponent believes it to be true. The source of your affirmant's knowledge for all matters alleged upon information and belief is the contents of my file and conversations with my client. This verification is made by deponent and not by petitioner because petitioner resides outside the county of my office.

Dated: New York, New York
       December 30, 2013

_____
Jeffrey L. Kreisberg

## CERTIFICATE OF SERVICE

I hereby certify that on January 22, 2014 a true and correct copy of Defendant's Notice of Removal, Rule 7.1 Corporate Disclosure Statement, Civil Cover Sheet, and Declaration of Torrance Smith, was served upon the following:

### BY FIRST CLASS MAIL

Jeffrey L. Kreisberg, Esq.
Kreisberg & Maitland, LLP
75 Maiden Lane
New York, New York  10038
*Attorneys for Plaintiff*

_____
Laura Sack

NEWYORK/#335004.1